UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HORTENCIA ALVEAR, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 19-4783 |
| § | |
| RON MEXICAN PRODUCE, LLC; § | |
| N&L MEXICAN PRODUCTS, LLC; and § | |
| NAPOLEON ORTEGA, § | |
| Defendants. § | |

## ORIGINAL COMPLAINT

1. Plaintiff Hortencia Alvear ("Plaintiff") brings this suit for violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., against RON Mexican Produce, LLC; N&L Mexican Products, LLC; and Napoleon Ortega (collectively, "Defendants"). From approximately 2009 until approximately August 2019, Defendants employed Plaintiff as a production worker packing and preparing nopales at a processing facility in Houston, Texas, where she regularly worked more than 70 hours per week. Defendants repeatedly failed to pay Plaintiff the overtime premium required by law for the hours she worked beyond 40 each workweek. Plaintiff seeks to recover her unpaid overtime pay, plus liquidated damages, interest, costs, and attorney's fees as provided by law.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

3. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). All Defendants reside in this district and the events giving rise to the cause of action occurred within this district.

## PARTIES

5. Plaintiff Hortencia Alvear is an individual who worked for Defendants' produce business in Houston, Texas, and has consented to the filing of this action for violations of the FLSA (*see* Exhibit A).

6. Defendant RON Mexican Produce, LLC, is a domestic limited liability company formed and operating under the laws of the State of Texas. Defendant RON Mexican Produce, LLC, can be served through its registered agent, Jacqueline Ramos, at 8830 Long Point Road, Suite 600, Houston, Texas 77055.

7. Defendant N&L Mexican Products, LLC, is or was a domestic limited liability company formed and operating under the laws of the State of Texas. Defendant N&L Mexican Products, LL, can be served through its registered agent, Ortega's Nopalitos, at 106 Avenue F, Suite B, Stafford, Texas 77477.

8. Defendant Napoleon Ortega is an individual residing in Texas and doing business as Defendant Ortega's Nopalitos. Defendant Ortega can be served at his place of residence at 6211 Catron Crossing, Katy, Texas 77493.

## FACTS

1. From approximately 2009 until on or before August 14, 2019, Plaintiff was formally employed by Defendant RON Mexican Produce, LLC, in Houston, Texas. With several other production workers, Plaintiff was responsible for preparing and packaging nopales for distribution.

2. Defendant RON Mexican Produce, LLC, is owned and operated by Defendant Napoleon Ortega.

3. During the relevant time period, Defendant Napoleon Ortega owned and operated at least one other business that prepared and distributed nopales: Defendant N&L Mexican Products, LLC.

4. Although "RON Mexican Produce LLC" issued Plaintiff's paychecks, Defendant N&L Mexican Products, LLC, held itself out as Plaintiff's employer.

5. The nopales prepared by Defendants N&L Products, LLC, and RON Mexican Produce, LLC, (collectively, the "Corporate Defendants") were marketed and sold as "Ortega's Nopalitos," a registered DBA of Defendant Napoleon Ortega.

6. According to its website, ortegasnopalitos.com, Ortega's Nopalitos are exclusively sold by La Michoacana Meat Market, a grocery store chain that operates in Texas and Oklahoma. La Michoacana Meat Market is headquartered in Houston, Texas, and run by Rafael Ortega, Defendant Napoleon Ortega's father.

7. At all times relevant to this lawsuit, Plaintiff was an "employee" of Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

8. At all times relevant to this lawsuit, Defendants collectively acted as Plaintiff's employers for purposes of the FLSA, 29 U.S.C. § 203(g), and the common law. Among other things:

   a. the services rendered by Plaintiff were a central part of each Defendant's business;

   b. Plaintiff's employment simultaneously benefitted each Defendant; and

   c. Plaintiff worked exclusively for Defendants.

9. Additionally, at all times relevant to this action, Defendant Napoleon Ortega had operational control over each of the Corporate Defendants, exercised control of the terms and

conditions of employees' work, and had the power to act on behalf of each Corporate Defendant vis-à-vis its employees, including Plaintiff.

10. At all times relevant to this lawsuit, Defendant Napoleon Ortega and Defendants RON Mexican Produce, LLC; and N&L Mexican Products, constituted as an "enterprise" as that term is defined in the FLSA, 29 U.S.C. § 203(r)(1), because they were engaged in related activities, *i.e.*, the production and distribution of nopales; the Corporate Defendants are all owned, operated, and controlled by Defendant Napoleon Ortega; and they share a common business purpose, namely reaping financial gain by producing and distributing nopales to merchants in Texas and Oklahoma.

11. At all times relevant to this lawsuit, Defendants operated as an "enterprise engaged in commerce or in the production of goods for commerce" as that phrase is defined by the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had more than two employees engaged in commerce or in the production of goods for commerce, namely nopales, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including nopal cactus, knives, and packing materials; and in that said enterprise has had and has an annual gross volume of sales made or business done in excess of $500,000 and up to $1,500,000, exclusive of excise taxes at the retail level which are separately stated.

12. During her employment, Plaintiff's was engaged in the production of goods for commerce. Her primary job duties were unpacking boxes of nopal cactus from Mexico; peeling, de-spining, and cutting the nopal; and re-packing the prepared nopales for shipment to grocery stores in Texas and Oklahoma.

13. Plaintiff and other workers also prepared and packaged other types of produce, including chiles, for shipment to grocery stores in Texas and Oklahoma.

14. Defendants paid Plaintiff's wages based on a production rate and not based on the number of hours she worked each week.

15. Plaintiff regularly prepared and packed multiple boxes of nopales in a single shift, and sometimes worked up to 16 hours in a single workday.

16. Defendants did not provide Plaintiff or other workers with regular lunch or rest periods.

17. Plaintiff regularly worked more than more than 70 hours per week for Defendants, sometimes working over 90 hours in a single workweek.

18. At all times relevant to this lawsuit, Defendants failed to pay Plaintiff the required time-and-one-half pay for hours she worked in excess of 40 hours each workweek.

19. At all times relevant to this lawsuit, Defendants knowingly, willfully, or with reckless disregard, carried out their illegal pattern or practice of failing to pay overtime wages due to Plaintiff, as demonstrated by the obviousness of the violations and the longstanding and repeated nature of the violations.

20. At all times relevant to this lawsuit, Defendants failed to maintain complete and accurate records of Plaintiff's hours of work as required by the FLSA.

## CLAIMS FOR RELIEF

### Fair Labor Standards Act

21. This count sets forth a claim for declaratory relief and damages for each Defendant's violations of the overtime provisions of the FLSA.

22. Defendants violated the FLSA by failing to pay Plaintiff proper overtime wages—time and one-half the regular rate of pay for each hour worked over 40 in a workweek—throughout her employment.

23. Defendants' failure to pay Plaintiff the federally mandated overtime wages was a willful violation of the FLSA, as described in 29 U.S.C. § 255(a).

24. For these violations, Plaintiff is entitled to recover her unpaid overtime wages, an equal amount in liquidated damages, attorney's fees, and costs of court, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff respectfully requests that Defendants be cited to appear and answer herein, and that upon final hearing, the Court grant Plaintiff relief as follows:

a. Declare each Defendant in violation of the Fair Labor Standards Act;

b. Award Plaintiff her unpaid overtime wages;

c. Award Plaintiff liquidated damages in an amount equal to her unpaid overtime wages;

d. Award Plaintiff reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

e. Award Plaintiff post-judgment interest, as provided by law;

f. Such other relief as this Court deems just and proper.

Respectfully submitted,

By:   EQUAL JUSTICE CENTER

/s/ Rebecca Eisenbrey
Rebecca C. Eisenbrey
Texas State Bar No. 24097646
Southern District of Texas Federal ID No. 3326959
reisenbrey@equaljusticecenter.org
Christopher J. Willett
Attorney-In-Charge
Texas State Bar No. 24061895
Southern District of Texas Federal ID No.
cwillett@equaljusticecenter.org
Equal Justice Center
510 S. Congress Ave., Suite 206

6

*Original Complaint*

        Austin, Texas 78704
        (512) 474-0007 ext-132

        Jordyn Rystrom Emmert
        Texas State Bar No. 24106381
        Southern District of Texas Federal ID No. 3150454
        jemmert@equaljusticecenter.org
        Equal Justice Center
        1922 Common Street
        Houston, Texas 77009
        (832) 322-7889

        **ATTORNEYS FOR PLAINTIFF**